

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO ALLEN | )<br>) No. 09 C 2133 |
| Plaintiff, | )<br>) |
| v. | ) Judge Arlander Keys<br>) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

### MEMORANDUM OPINION AND ORDER

On June 18, 2010, the Court issued a Memorandum Opinion and Order remanding Mario Allen's case to the Commissioner of Social Security. Shortly thereafter, Mr. Allen's attorney petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The "EAJA authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 405 (2004)(citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in his favor and secured a remand, Mr. Allen is the prevailing party; indeed, the Commissioner concedes as much, but argues that an award of fees is inappropriate because his position was substantially justified. The Commissioner has the burden of establishing that his position was "substantially justified" - that it had "a

reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). In the instant case, he failed to meet that burden.

Initially, the Court notes that a loss on the merits does not foreclose a finding of substantial justification, and a decision may be substantially justified even if it was not necessarily supported by substantial evidence. *See, e.g., Scarborough*, 541 U.S. at 415 (the fact that the Government lost on the merits does not mean that its position was not substantially justified). But in this case, neither was true. The ALJ failed to address the evidence that supported his finding that Mr. Allen could perform a full range of work at all exertional levels. Specifically, the Court held that "the ALJ failed to make specific findings as to how or whether Mr. Allen's credible limitations would allow him to perform work 'at the light and unskilled level' as opposed to the sedentary level." This error indicates that neither the ALJ's position, nor the Commissioner's subsequent defense of said position, were substantially justified. As the Commissioner has offered nothing in his opposition brief to persuade the Court otherwise, the Court finds that an award is appropriate under the EAJA.

Having determined that an award of fees is appropriate, the Court must next determine what amount should be awarded. In his initial application, Mr. Allen's counsel seeks to recover fees

totaling $8,756.25. The fee request includes 47.5 hours of attorney time billed at the rate of $172.50/hour. Additionally, counsel seeks payment for 2.5 hours of legal assistant time billed at a rate of $85.00/hour. In his reply brief, counsel seeks another 2.0 hours of attorney time billed at a rate of $172.50/hour. Thus, in total, Mr. Allen's counsel seeks fees in the amount of $9,101.25.

The Commissioner does not challenge the hourly rates proposed by counsel, and the Court finds that they are reasonable. The Court finds, however, that some of the time billed should be disallowed. First, at least one entry appears to reflect time spent on a task that was purely clerical in nature, and that is inappropriate. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks); *Seamon v. Barnhart*, No. 05-C-0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). Additionally, the time spent on certain tasks was excessive, requiring additional reductions. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983)(fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). For example, according to the billing records, counsel spent in excess of

seven hours abstracting medical evidence though the same law firm had represented Mr. Allen throughout the administrative proceedings. While the Court notes that the attorney that represented Plaintiff during the proceedings (Barry A. Schultz) and the lawyer who drafted Plaintiff's Motion for Summary Judgment (Cody Marvin) differ, as members of the same firm, Mr. Marvin undoubtedly had access to Plaintiff's file, which contained detailed notes regarding Mr. Allen's medical conditions. Similarly, approximately twenty-seven hours were spent on the summary judgment motion and greater than fourteen hours were spent on Mr. Allen's reply brief, though only one argument that had not been previously raised in the administrative proceeding, was discussed. Though Mr. Marvin's arguments were more developed, the Court believes that he had access to the work previously done in the matter, including notes and statutory and case law.

Taking the above into account, the Court will allow counsel to recover fees for 42.15 hours of attorney time (at the rate of $172.50/hour) and 2.25 hours of legal assistant time (at the rate of $85.00/hour), for a total fee award of $7,462.13.

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Mr. Allen and awards fees as requested, except to the extent explained

above. Consistent with the EAJA, and in accordance with the assignment executed by Mr. Allen, the Court awards fees, payable to Barry A. Schultz, in the amount of $7,462.13.

Date: February 28, 2011          E N T E R E D:

*/s/ Arlander Keys*
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT